UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG B. COOPER,<br><br>    Petitioner,<br><br>    v.<br><br>COURT OF APPEAL FIRST APPELLATE DISTRICT, et al.,<br><br>    Respondents. | Case No. 18-cv-02951-SI<br><br>**ORDER OF DISMISSAL**<br><br>Re: Dkt. No. 1 |

Craig Cooper, a prisoner of the State of California, commenced this action by filing a petition for writ of mandate, prohibition or other relief. His petition is now before the court for review pursuant to 28 U.S.C. §1915A.

## BACKGROUND

Cooper alleges in his petition that the California courts have wrongly decided one of his cases. He further alleges that the California courts declared him a vexatious litigant by improperly counting *Cooper v. Velez* as a civil case for purposes of the vexatious litigant determination. He contends that the state court misapplied the rule from *Heck v. Humphrey*, 512 U.S. 477 (1994), when it counted *Cooper v. Velez* as a civil case for purposes of the vexatious litigant determination. The respondents are the Marin County Superior Court, the California Court of Appeal for the First Appellate District, and the California Supreme Court.

In his prayer for relief, Cooper requests that this court issue a peremptory writ of mandate/prohibition "directing respondents to comply with their duties under the doctrine of stare decisis"; issue a judgment declaring that a respondent "lack[s] authority to adopt its own definition or ruling in a case that was already finally ruled on by a court of superior jurisdiction and respondent must except [sic] the law declared by courts of superior jurisdiction"; issue an injunction directing respondents to strike their orders that used *Cooper v. Velez* to declare Cooper a vexatious litigant; and issue an injunction directing the state courts "to revise their decisions implementing *Heck*" and to classify *Cooper v. Velez* as a habeas action. Docket No. 1 at 14-15.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

A writ of mandate, mandamus or prohibition is unavailable for Cooper's alleged problem. The terms "mandate" and "mandamus" are interchangeable. *See, e.g.,* Cal. Code Civ. Proc. § 1084 ("The writ of mandamus may be denominated a writ of mandate").

California's writ of mandate statute, Cal. Code, Civ. Proc. § 1085, is a procedural rule that does not apply to a federal court. This court could not issue a writ of mandate or mandamus under California Code of Civil Procedure § 1085.

Cooper also denominates his petition as being for a writ of prohibition, but that label does not help him. The California writ of prohibition lies to restrain a threatened judicial action without or in excess of jurisdiction. Cal. Code of Civ. Proc. § 1102. The writ of prohibition is not available both because Cooper seeks to correct action already taken rather than to prevent a threatened judicial action and because the state procedural rule does not apply to a federal court.

Cooper also is not entitled to relief under the federal mandamus statute because that statute reaches only *federal* officers and employees, not *state* officers and employees. *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). A petition for a writ of mandamus "to compel a state court or official to take or refrain from some action is frivolous as a matter of law." *Demos v. U.S. District Court,* 925 F.2d 1160, 1161-62 (9th Cir. 1991) (ordering plaintiff to file no further in forma pauperis actions); *Newton v. Poindexter*, 578 F. Supp. 277, 279 (C.D. Cal. 1984) (§ 1361 has no application to state officers or employees). Cooper cannot obtain a federal writ of mandamus compelling the Marin County Superior Court, the California Court of Appeal, or the California Supreme Court to take action or refrain from taking action.

The All Writs Act provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Under the All Writs Act, "a court's power to issue any form of relief -- extraordinary or otherwise -- is contingent on that court's subject-matter jurisdiction over the case or controversy." *United States v. Denedo*, 556 U.S. 904, 911 (2009). Cooper's petition consists of only a request for mandamus/prohibition, and does not show the court has subject-matter jurisdiction over the case or controversy. The court cannot issue a writ under § 1651 in aid of jurisdiction not shown to exist.

The court will not construe Cooper's petition to be an appeal from the state court decision because that would be a legally frivolous filing. A federal district court is a court of original jurisdiction and does not have appellate jurisdiction over a decision from a state superior court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) (district courts may not exercise appellate jurisdiction over state courts). The *Rooker-Feldman* doctrine essentially bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).

## CONCLUSION

The petition for writ of mandate, prohibition or other relief is DISMISSED as legally frivolous. The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: July 6, 2018

_____
SUSAN ILLSTON
United States District Judge